```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES                        :
                                     :
v.                                   :  CASE NO. 3:10-cr-128-8 (RNC)
                                     :
CHARLES HANDY,                       :
                                     :
          Defendant.                 :
```

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

Defendant Charles Handy has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government does not object to the motion. For the reasons that follow, the motion is granted.

In April 2011, a jury convicted Mr. Handy of (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine base; (2) possession with intent to distribute 5 grams or more of cocaine base; and (3) possession with intent to distribute 5 grams or more of cocaine base. On November 28, 2011, he was sentenced to 150 months' imprisonment to run concurrently on each count, followed by eight years of supervised release, also to be served concurrently on each count.

While incarcerated, Mr. Handy completed the Residential Drug Treatment Program ("RDAP"), leading to a one-year reduction in his sentence. In October 2019, he was transferred to Watkinson House to serve the remainder of his term, with an anticipated release date of February 2020. While at Watkinson

House, Mr. Handy maintained employment and took a course to earn a Commercial Driver's License with the New England Tractor Trailer Training School ("NETTS"). Mr. Handy was "an outstanding student with perfect attendance" and passed the CDL course.

In mid-January, while enrolled at NETTS, Mr. Handy was required to make a trip to the Department of Motor Vehicles to obtain his permit. Mr. Handy informed the school that he was combining the trip with a doctor's appointment to receive a required physical. Unfortunately, however, while Mr. Handy was completing these (permitted) errands, a call was made to the school to verify his presence, and the school erroneously reported that he was not in attendance that day. As a result, Mr. Handy was remanded into custody based on a charge of failing to return to the halfway house within a four-hour period (during which he was receiving his required physical). Further, his one-year reduction for completing RDAP was rescinded. His release date is now February 2021.

In addition to these unfortunate circumstances, Mr. Handy is at risk for severe harm if he contracts COVID-19. He is 53 years old and suffers from congestive heart failure, hypertension, obesity, and chronic knee issues for which he receives immunosuppressant steroid injections. These conditions all represent significant risk factors for severe illness were

he to contract COVID-19.  Mr. Handy is incarcerated at Wyatt Detention Center, which has dozens of confirmed COVID cases.  Mr. Handy's vulnerability to severe illness provides an extraordinary and compelling reason justifying compassionate release in accordance with § 3582(c)(1)(A).  See United States v. Rivernider, No. 3:10-cr-222, ECF No. 785 (D. Conn. May 12, 2020) (granting compassionate release to 54 year old male with diabetes, heart disease, and hypertension); United States v. Brown, 4:05-cr-227-1, 2020 WL 2091802, at *9 (S.D. Iowa Apr. 29, 2020) (citing decisions granting compassionate release because of risk factors linked to COVID-19).

    The Court further finds that the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of compassionate release at this time.  As was noted at sentencing, Mr. Handy's criminal record has primarily been a result of his own struggles with substance abuse.  His completion of the RDAP program represents a significant step forward for him.  Moreover, as discussed above, were it not for an unfortunate error, he would have been released by now with credit for successfully completing the RDAP program.

    Mr. Handy's risk for recidivism is low.  He is subject to an extended term of supervised release with numerous conditions, including a continued requirement that he engage in substance abuse monitoring and treatment.  He has a supportive family

available to assist him in recovery, and has ably demonstrated his capacity for gainful employment. And his need for medical care can best be addressed in the community.

Accordingly, it is hereby ordered:

1. The motion for compassionate release is granted and Mr. Handy's term of imprisonment is reduced to time-served.
2. Mr. Handy will be released from the custody of the Bureau of Prisons forthwith.
3. Upon his release from custody, Mr. Handy will self-quarantine for a period of 14 days.
4. During this 14-day period, Mr. Handy will make reasonable efforts to be tested for COVID-19. If he tests positive, he will notify Wyatt Detention Center.
5. All the terms of the Judgment remain in effect.

So ordered this 14th day of May, 2020.

                                                _____/s/ RNC_____
                                                      Robert N. Chatigny
                                        United States District Judge